RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
SHREVEPORT, LOUISIANA
DATE 08/01/05

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES E. GARNER | CIVIL ACTION NO. 05-607-P |
| VERSUS | JUDGE WALTER |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil action filed *in forma pauperis* by pro se plaintiff Charles E. Garner ("Garner"), pursuant to 28 U.S.C. § 1361. This complaint was received and filed in this Court on April 5, 2005. Garner is incarcerated at the Bossier Parish Penal Farm in Plain Dealing, Louisiana. He names the State of Louisiana and the Louisiana Twenty-Sixth Judicial District Court as defendants.

Garner claims he filed a motion to obtain school record/transcript in the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier. He claims he needs the records to prove that he attended school so that he can receive credit. Garner complains that the state court judge has not ruled on his motion in a timely manner.

Plaintiff seeks a writ of *mandamus* to direct Defendants to render a decision on said

motion. Mandamus relief is available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, it is well settled that federal courts have no general power to compel action by state officials. See Davis v. Lansing, 815 F.2d 72, 74 (2d Cir. 1988); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Haggard v. State of Tennessee, 421 F. 2d 1384, 1386 (6th Cir. 1970); Gurley v. Superior Court of Mecklenburg County, 411 F. 2d 586, 587 (4th Cir. 1969). Because Defendants are not federal officers, employees or agencies, this Court lacks jurisdiction to issue a writ of mandamus to compel them to perform an alleged duty. See 28 U.S.C. § 1361.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and to which the aforementioned party did not object. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 1st day of August, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

CC:DEW